In re Brenda L. MARTIN Debtor.

**SOUTHEAST BANK, N.A. Plaintiff,**

v.

**Brenda L. MARTIN Defendant.**

**Bankruptcy No. 89–7066–8P7.
Adv. No. 90–049.**

United States Bankruptcy Court,
M.D.Florida,
Tampa Division.

Feb. 22, 1990.

---

Alfred L. Frith, Orlando, Fla., for plaintiff.

Harvey Paul Muslin, Tampa, Fla., for defendant.

## ORDER ON MOTION TO DISMISS ADVISSARY [SIC] SEEKING EXCEPTION OF DISCHARGE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came to be heard on the Defendant/Debtor's Motion to Dismiss Advissary [sic] Seeking Exception of Discharge on February 15, 1990. The Motion to Dismiss was based on the contention that the Plaintiff's Objection to Discharge was filed one day late. This Court has considered the Motion, together with the record, and is satisfied that the Motion is without merit and should be denied.

■ The Debtor's voluntary Petition under Chapter 7 was filed on October 4, 1989. A timely Complaint objecting to discharge would therefore have been filed within 60 days, or by December 4, 1989. However, Southeast Bank filed a Motion to Extend the Time to File a Complaint, which Motion was granted and gave Southeast Bank until January 22, 1990, to file its Complaint objecting to the Debtor's discharge. Based on the testimony presented at the hearing and the record, this Court is satisfied that it is undisputed that Southeast Bank's Complaint was turned over to Federal Express on Friday, January 19, 1990. It is also without dispute that Southeast Bank contracted with Federal Express to deliver that Complaint to the Federal District Court in the Middle District of Florida on the next business day, or on January 22, 1990. Although the proper place for the Complaint to be delivered and filed would have been in the Bankruptcy Court, a complaint that is erroneously delivered to the District Court in the district where the Bankruptcy Court sits is deemed filed on the date of delivery to the District Court pursuant to Bankruptcy Rule 5005.

■ The Complaint was, in fact, delivered to the District Court in Tampa, Florida. However, the District Court failed to adhere to its normal procedures of time and date-stamping the Complaint. Nevertheless, the Complaint was properly sent to this Bankruptcy Court where it was time and date-stamped "January 23, 1990, 12:44 p.m." Because there is no same-day delivery from the District Court in Tampa to the Bankruptcy Court in Tampa, it is reasonable for this Court to assume that a pleading which was delivered from the District Court and received by this Bankruptcy Court on January 23 at 12:44 p.m. had to have been received by the District Court by at least January 22. In light of this fact, coupled with the fact that Southeast delivered the Complaint to Federal Express on January 19, 1990, and contracted with Federal Express to deliver the document to the District Court by January 22, 1990, it is reasonable to infer that the Complaint was timely filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to

Dismiss the Complaint of Southeast Bank be and is hereby denied.

DONE AND ORDERED.